**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LARRY R. DAWSON,

        Plaintiff-Appellant,

v.

AKAL SECURITY INCORPORATED,

        Defendant-Appellee.

No.   12-16789

D.C. No. 2:11-cv-00420-NVW

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted August 11, 2016**
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and PETERSON,*** District
Judge.

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Rosanna Malouf Peterson, United States District Judge
for the Eastern District of Washington, sitting by designation.

Larry Dawson appeals the district court's award of summary judgment in favor of AKAL Security, Inc., on his claims for discrimination and retaliation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*. Reviewing the district court's order de novo, *Humphrey v. Mem. Hosps. Ass'n*, 239 F.3d 1128, 1133-34 (9th Cir. 2001), we reverse and remand because Dawson presented a triable issue of fact whether AKAL's decision to place Dawson on unpaid leave while it delayed the interactive process for two months violated the ADA.

The district court first erred by excluding two of Dawson's exhibits. The first—a letter from the Equal Employment Opportunity Commission finding that there was "reasonable cause to believe that there is a violation of the ADA in that [AKAL] denied [Dawson] a reasonable accommodation and retaliated against [Dawson] by placing him on administrative leave"—was a self-authenticating document. Fed. R. Evid. 902(1). The second—a medical release from Dawson's physician—appeared genuine on its face. *See* Fed. R. Evid. 901(b) (providing a non-exhuastive list of means to establish authenticity); *see also Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) ("Under Rule 901(b)(4), 'documents could be authenticated by review of their contents if they appear to be sufficiently genuine.'" (ellipses omitted) (quoting *Orr v. Bank of Am., NT*, 285

2

F.3d 764, 778 n.24 (9th Cir. 2002)).  Neither error was harmless because the exhibits both support an inference that the decision to place Dawson on unpaid leave for two months was based on Dawson's disability and his request for an accommodation.

AKAL's decision to place Dawson on unpaid leave from June 9, 2009, through July 31, 2009, while it conducted the interactive process could constitute a failure to engage in the interactive process, *Humphrey*, 239 F.3d at 1137-38, discrimination, *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1087 (9th Cir. 2001), and retaliation for requesting an accommodation, *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003).  AKAL's contractual obligation to conduct a fitness for duty evaluation does provide a "legitimate, nondiscriminatory reason" for placing Dawson on paid leave, *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003), but AKAL offered no reason for its decision to change Dawson's status from paid to unpaid leave and to leave Dawson in that status for almost two months—an action that contradicts the terms of AKAL's contract with U.S. Customs and Immigration Enforcement.  The fact that unpaid leave may be a reasonable accommodation *when it is requested* "does not mean that it cannot also be an adverse action, particularly where the employee is placed on unpaid leave involuntarily." *Steenmeyer v. Boeing Co.*, 92 F. Supp. 3d 1024, 1031 (W.D. Wash.

3

2015). The excluded exhibits, along with the other facts in the case, including that Dawson was told days before the change to unpaid leave to work or be fired, further give rise to an inference that the adverse employment action was causally related to Dawson's request for an accommodation of his disability. *Brown*, 336 F.3d at 1187.

**REVERSED AND REMANDED.**